Nash, C. J.
 

 There is error in the charge. A grant issued in 1834 to the father of the lessors of the plaintiff, which includes the
 
 locus in quo.
 
 The defendants claim that their father had been in possession of a tract of land under known and visible boundaries, and which also included the
 
 locus in quo,
 
 for upwards of thirty years, and insisted that the law presumed a grant to have issued. John Potter and his heirs lived on the upper part of the tract claimed by him, but
 
 possessio pedis
 
 upon any part of the lappage, until within about eight years before the action was brought; but this did not ripen their title, as the lessors of the plaintiff were under age. The action was brought in 1846, and the trial was had at Spring Term, 1853, of Ashe Superior Court. The plaintiffs have had no other possession under their grant, than that which the law draws to the title. Giving to the possession of the defendants the benefit of a thirty years’ continuance, up to Spring Term, 1853, it will have commenced in 1823; and in 1834, when Brown took out his grant, not more than eleven years had elapsed, and to 1846, eighteen ; and giving to
 
 *463
 
 the possession of Potter the full benefit of the time designated by the marks on the line trees, say forty years, before the commencement of the action, then but twenty-one years, or at most but twenty-eight, had elapsed when the grant under which the lessors of the plaintiff claim title issued, and that possession was not accompanied by any color of title, and the State had a right to issue the grant she did. The Court, however, instructed the jury, that if the defendants had been in possession thirty
 
 years)
 
 before the commencement of this suit, claiming and cultivating it as deposed to, and claiming to the boundaries, they ought to presume a grant for the same ; that the taking out the grant by Brown-— there being no actual possession — would not prevent the operation of the presumption. In the latter part of the proposition, there is error ; for if it be true that the issuing of the grant to Brown, in 1834, did not stop the running of the presumption, as to the land not covered by it, still it certainly must have that effect as to all the land that was covered by it; for at that time the title to the land was in the State, no sufficient length of possession, having elapsed to raise the presumption of a grant; and the case, in that aspect, presented, at the trial, the ordinary one of the lap-page of two grants, neither party being in the actual possession of the lappage. The title to the
 
 locus in quo,
 
 at the time the action was brought, was in the lessors of the plaintiff, and drew to it the possession ; which possession was not disturbed, until the taking of the possession of the small portion mentioned in the case. His Honor, therefore, erred in stating to the jury that the grant to Brown did not interrupt the presumption of a grant to Potter. It did interrupt it, as to all the land covered by it.
 

 It is urged by the defendants’ counsel, that the possession of Potter, in the north part of the tract, drew with it the possession of all the land within the boundaries to which he claimed. This would be true, if he had the legal title at the time, and there was no actual adverse possessionin another person. Up to 1834, he had acquired no title, and after that time, his possession ripened his title only to that portion of the land within his boundaries, not covered by the granito Brown. This doctrine is fully recognized and established by the case of
 
 Carson
 
 v.
 
 Mills
 
 & Burnet, L Dev. & Bat., 546. It is there determined, if a part of a tract of land be covered by two
 
 *464
 
 titles, and he who bas the better title be in possession of another part of it, he has in law the possession of the whole, unless the person holding under the other title has the actual possession of the interference ; but if the holder of the better title is not in the actual possession of any part of the land, and the owner of the other title is in possession outside the interference,
 
 the latter has not in law
 
 possession of the interference. In
 
 Smith
 
 v. Bryan,
 
 ante
 
 180, the same doctrine is declared. At the time, then, when Brown obtained his grant the possession of Potter and those claiming under him, had not ripened into a valid title ; and although the latter were in possession of the land within the boundaries, to which they claimed, yet as they had no
 
 possessio pedis
 
 in the lappage, the better title being in the lessors of the plaintiff, the legal possession of the
 
 locus in quo
 
 was in them; and the defendants having within a few years before the bringing of the action, taken possession within the lappage, the lessors of the plaintiff were entitled to a verdict, and the jury ought to have been so instructed.
 

 Per Curiam, Judgment reversed, and a
 
 venire de novo
 
 awarded.